UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLETON PULLEY,

                Plaintiff,

      -against-                            12-CV-0786 (SJF)(SIL)

COUNTY OF NASSAU,                       **ORDER**

                Defendant.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

        Pending before the Court are the objections of defendant County of Nassau ("defendant") to so much of the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated December 11, 2017 ("the Report"), as recommends, following an evidentiary hearing, that an order be entered "concluding that Plaintiff has exhausted his available administrative remedies with respect to his grievance concerning the temperature i[n] his cell and mice and cockroaches in his cell . . . [and] is entitled to a trial on the merits as to th[o]se claims." (Report at 9). For the reasons stated herein, Magistrate Judge Locke's Report is accepted in its entirety.

I.    Standard of Review

        Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C.

1

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, to accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.  Findings and Conclusion to which No Objections Made

Plaintiff does not assign any error to, *inter alia*, Magistrate Judge Locke's (i) finding that his testimony regarding his conversation with Correction Officer Anthony Marcolini ("Marcolini") was not credible, (*see* Report at 6); or (ii) conclusions that Marcolini "did not make the threat as Plaintiff alleges[,]" (*id.* at 7), and that plaintiff failed to exhaust his administrative remedies with respect to the quality of the food during his incarceration. (*See Id.* at 9). There being no clear error on the face of the Report with respect to those findings and conclusions, they are accepted in their entirety. Accordingly, for the reasons set forth in the Report, summary judgment is granted in favor of defendant dismissing plaintiff's claims with respect to the quality of the food during his incarceration for failure to exhaust his administrative remedies.

III.     Defendant's Objections

Defendant contends, *inter alia*, that Magistrate Judge Locke erred in "credit[ing] a second– completely different– excuse for Plaintiff's failure to exhaust all administrative remedies before bringing suit: that even though Plaintiff did not read, and was not familiar with, the NCCC's grievance procedures[,] . . . the NCCC's grievance procedures were so 'opaque' and 'confusing' that 'no reasonable prisoner' could have 'navigated' them properly . . . ." (Def. Obj. at 13) (citations omitted). However, plaintiff specifically raised the issue of the "constructive unavailability" of the NCCC's grievance procedures in his post-hearing memorandum of law, and defendant was afforded an opportunity, and in fact did, respond to those arguments.

Upon *de novo* review of the Report and all motion papers, and consideration of defendant's objections to the Report and plaintiff's response thereto, defendant's objections are overruled and so much of the Report as recommends that an order be entered "concluding that Plaintiff has exhausted his available administrative remedies with respect to his grievance concerning the temperature i[n] his cell and mice and cockroaches in his cell . . . [and] is entitled to a trial on the merits as to th[o]se claims[,]" (Report at 9), is accepted in its entirety.

IV.     CONCLUSION

For the reasons set forth herein, defendant's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth in the Report, summary judgment is granted in favor of defendant dismissing plaintiff's claims with respect to the quality of the food during his incarceration in their entirety with prejudice for failure to exhaust his administrative remedies, but plaintiff has exhausted his available administrative remedies with respect to his

grievances concerning the temperature and vermin in his cell and is entitled to a trial on the merits as to those claims.

SO ORDERED.

                                                                _____/s/_____
                                                                Sandra J. Feuerstein
                                                                United States District Judge

Dated:  February 14, 2018
         Central Islip, New York